

FILED
MAR 2 2 2016
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ESTATE OF RAYMOND P. SAUSER, and JAMES RAYMOND SAUSER, | CIV 14-5051, |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| UNITED STATES OF AMERICA; SALLY JEWELL, as Secretary of the United States Department of the Interior; and KEVIN WASHBURN, as Assistant Secretary of Interior Bureau of Indian Affairs, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    Estate of Raymond P. Sauser and James Raymond Sauser (collectively, "Plaintiffs") seek an order from the Court compelling the United States, Sally Jewell, Secretary of the United States Department of the Interior, and Kevin Washburn, Assistant Secretary of Interior Bureau of Indian Affairs (collectively, the "United States" or the "Government") to approve Raymond P. Sauser's (the "Decedent") last will and testament (the "Will") and order certain Indian trust land not be disbursed to James Raymond Sauser ("James" or "Plaintiff"). Currently before the Court is Plaintiffs' motion for judgment on the pleadings, Doc. 17. For the following reasons, Plaintiffs' motion is denied.

## BACKGROUND

    Decedent was an enrolled member of the Oglala Sioux Tribe. During his life, Decedent adopted two children, James and Jonathan Sauser ("Jonathan"). Jonathan is an enrolled member of an Indian tribe. Plaintiff is not. On October 13, 2005, Decedent executed the Will.

    Decedent died on March 15, 2008. At the time of his death, Decedent owned Indian trust personalty and trust real property interests (the "Trust Land"). On August 18, 2011, Administrative Law Judge, Richard D. Hines (the "ALJ"), issued a decision approving Decedent's will and distributing the Indian trust estate. The ALJ determined that, under the Will,

"and consistent with the American Indian Probate Reform Act (AIPRA) of 2004, 25 U.S.C. § 2201 *et seq.*, [Plaintiff James Sauser was] entitled to receive a life estate in Allotment No. 3075-B (referred to as the 'Home Place') and an undivided 1/2 share life estate in Decedent's other trust lands." IBIA Order Affirming Denial of Rehearing ("IBIA Decision"), Doc. 1-5, at 1 (citing ALJ Decision at 3-4).

On September 19, 2011, Plaintiff filed a petition for rehearing. In the petition, Plaintiff argued that the ALJ misinterpreted the Will and that it was, in fact, Decedent's intent that the Trust Land, except for the Home Place, pass solely to Jonathan. Plaintiff contended that Decedent's intent was such in order to ensure that the Trust Land stay in trust and that granting Plaintiff a one-half interest would be inconsistent with that intent. According to Plaintiff, Decedent feared that if the AIPRA were repealed, then the life estate granted to Plaintiff may come out of trust. Neither at the initial probate proceeding nor in the petition for rehearing did Plaintiff purport to renounce or disclaim any interest in Decedent's estate. The ALJ denied rehearing on December 20, 2011.

On January 29, 2012, Plaintiff filed a Notice of Appeal with the Interior Board of Indian Appeals (IBIA or the "Board"). Then, on May 22, 2012, Plaintiff filed a "Renunciation or Disclaimer of Interests in Certain Trust Lands Pursuant to 25 U.S.C. § 2206(j)(8)" (the "Renunciation"). Doc. 1-4. In the Renunciation, Plaintiff states that the Will clearly evinces an overriding intent that Jonathan receives all the Trust Land, except for the Home Place, to the exclusion of James. Further, in the Renunciation, it is claimed that the ALJ failed to adhere to this overriding intent and, as a result, Plaintiff appealed to the IBIA. The Renunciation then purports to "irrevocably and without qualification, renounce or disclaim any and all right, title, and interest in and to" the one-half share in life estate in the Trust Land, excluding the Home Place, in favor of Jonathan. Doc. 1-4 at 1-2.

On appeal, the IBIA found that the ALJ did not err in giving effect to provisions of the Will. In the decision, the IBIA held, "Simple disagreement with or bare assertions concerning a challenged decision are insufficient to carry [Plaintiff's] burden of proof." IBIA Decision, Doc. 1-5, at 3 (citing *Estate of Drucilla (Trucilla) Pickard*, 50 IBIA 82, 91 (I.B.I.A. 2009)). As to the Renunciation, the IBIA noted that it was submitted for the first time on appeal and, therefore, was untimely filed and could not be considered in the IBIA's decision. In so concluding, the IBIA found, "'To renounce an interest under [43 C.F.R.] § 30.181, [one] must file with the

*judge, before the issuance of the final order in the probate case*, a signed and acknowledged declaration specifying the interest renounced.'" IBIA Decision, Doc. 1-5, at 4 (quoting 43 C.F.R. § 30.181) (alterations and emphasis in IBIA Decision). Under the Code of Federal Regulations, the IBIA continued, "judge" is defined as an ALJ or Indian Probate Judge (IPJ). As such, Plaintiffs failed to comply with 43 C.F.R. § 30.181 by filing the Renunciation for the first time with the IBIA. In addition, the IBIA found unpersuasive the argument that the appeal to the IBIA effectively precluded the ALJ's order from being "final." *Id.* (citing 43 C.F.R. § 30.240[1] (a final order on rehearing must include a notice stating that interested parties who are adversely affected have the right to appeal the final order to the Board)) ("[C]ontrary to [Plaintiff's] assertion that this appeal to the [IBIA] prevented a final order from being entered by the ALJ, the Order Denying Rehearing was a final order of the ALJ.").

A subsequent petition for reconsideration was dismissed by the IBIA on August 29, 2014 due to the petition being untimely filed. *Estate of Raymond P. Sauser*, 59 IBIA 116, 117 (I.B.I.A. 2014) ("Because Appellant's petition for reconsideration was not timely filed, the Board must dismiss it for lack of jurisdiction.") (citation omitted). The Estate of Raymond P. Sauser and James Raymond Sasuer filed this federal action on August 20, 2014, the same day that the petition for reconsideration was filed with the IBIA.

## STANDARD OF REVIEW

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." *Crow Creek Sioux Tribe v. Bureau of Indian Affairs*, 463 F. Supp. 2d 964, 966 (D.S.D. 2006). "'The party claiming federal subject matter jurisdiction has the burden of proving it exists.'" *M.J. Farms, Ltd. v. U.S. Fish and Wildlife Service*, 593 F. Supp. 2d 907, 910 (W.D. La. 2008) (quoting *People's Nat'l Bank v. Office of Comptroller of Currency*, 362 F.3d 333, 336 (5th Cir. 2004)). "A party challenging subject matter jurisdiction under Rule 12(b)(1) must attack either the facial or factual basis for jurisdiction." *Middlebrooks v. U.S.*, 8 F. Supp. 3d 1169, 1173 (D.S.D. 2014) (citing *Osborn v. U.S.*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). Under a facial

---

[1] In its July 17, 2014 order, the IBIA mistakenly cited 43 C.F.R. § 30.243 for the definition of "final order." In an August 29, 2014 order dismissing a petition for reconsideration filed by Plaintiffs, the IBIA noted the error and corrected it by citing instead 43 C.F.R § 30.240, the section containing the language cited to in the July 14, 2014 order. *Estate of Raymond P. Sauser*, 59 IBIA 116, 117 (I.B.I.A. 2014) ("Appellant is correct that the Board erroneously cited 43 C.F.R. § '30.243' on page 32 of the decision, but as clearly evidenced by the parenthetical explanation that followed, that was a typographical error. The correct citation is to 43 C.F.R. § 30.240(d)[.]").

3

challenge, the reviewing court examines the complaint to determine if the plaintiff has satisfactorily alleged grounds for subject matter jurisdiction. *Id.* The nonmoving party is afforded the same protections she would receive were she defending against a Rule 12(b)(6) motion.[2] *Id.* A factual challenge, on the other hand, tests the factual basis the nonmoving party has asserted for subject matter jurisdiction. Matters outside of the pleadings may be considered by the reviewing court and the nonmoving party is afforded no Rule 12(b)(6)-type protections. *Id.*

"A motion for judgment on the pleadings will be granted 'only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law[,]'" *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (quoting *Potthof v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001)), "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (citation omitted). The reviewing court accepts as true all facts pled by the nonmoving party and all reasonable inferences are drawn in his favor. *Waldron*, 388 F.3d at 593 (citing *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998)).

## DISCUSSION

For purposes of subject matter jurisdiction, Plaintiffs argue that the requirements of the Administrative Procedure Act (APA) have been satisfied. The Government agrees with Plaintiffs. "The APA waives sovereign immunity for actions against the United States for review of administrative actions that do not seek money damages and provides for judicial review in the federal district courts." *Middlebrooks*, 8 F. Supp. 3d at 1174 (citing *Suburban Mortg. Assocs.,*

---

[2] Under Rule 12(b)(6), the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), cited in *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.* (internal citations omitted); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). Although a plaintiff in defending a motion under Rule 12(b)(6) need not provide specific facts in support of its allegations, *see Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), it must include sufficient factual information to provide the grounds on which her claim rests, and to raise a right to relief above a speculative level. *Twombly*, 550 U.S. at 555–556 & n. 3. Although Federal Rule of Civil Procedure 8 may not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim must have facial plausibility to survive a motion to dismiss. *Id.* Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

*Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1122 (Fed. Cir. 2007)). "The federal APA[,however,] does not confer jurisdiction." § 8295 Subject Matter Jurisdiction, 33 Fed. Prac. & Proc. Judicial Review § 8295 (1st ed.). *See Califano v. Sanders*, 430 U.S. 99, 105, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Even actions brought under the APA must be based on independent grounds of federal jurisdiction. Fed. Prac. & Proc., *supra*, at § 8295. Such independent grounds may be in the form of a federal court's general jurisdiction under 28 U.S.C. § 1331. *Id. See Robbins v. Reagan*, 780 F.2d 37, 42 (D.C. Cir. 1985); *Preferred Risk Mut. Ins. Co. v. U.S.* (*Preferred Risk*), 86 F.3d 789, 792 n. 2 (8th Cir. 1996) ("The APA is not an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action. *see Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Given that the Lanham Act's applicability to the federal government must be resolved, subject-matter jurisdiction in this case is founded upon 28 U.S.C. § 1331, federal question jurisdiction.").

The APA waives the United States' sovereign immunity in either one of two ways. First, under 5 U.S.C. § 702[3], (1) the claimant "must identify some agency action," and (2) the claimant "must show that he has suffered a legal wrong or been adversely affected by that action within the meaning of a relevant statute." *Preferred Risk*, 86 F.3d at 792 (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 882-83, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). Second, under 5 U.S.C. § 704[4], a federal court may review "a final agency action for which there is no other adequate remedy in a court." *Lujan*, 497 U.S. at 882. Thus, while the APA waives the United

---

[3] The section reads, in whole,
> [a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein denied on the ground that it is against the United States or that the United States is an indispensable party.... Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5 U.S.C § 702.

[4] The section reads, in whole,
> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704.

States' sovereign immunity, the claimant must rely either on a separate statute, 5 U.S.C. § 702, or "final agency action," [5] 5 U.S.C. § 704, for subject matter jurisdiction to exist. Under the 5 U.S.C. § 704 pathway, even when a litigant points to independent jurisdictional bases, i.e., an agency's action, the APA requires that the challenged administrative decision be final. 5 U.S.C. § 704. *See* Fed. Prac. & Proc., *supra*, at § 8397; *Bennett v. Spear*, 520 U.S. 154, 176, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997); *Middlebrooks*, 8 F. Supp. 3d at 1177. Under 5 U.S.C. § 702, the provision Plaintiffs rely on, *see* Plaintiffs' Brief in Support, Doc. 18, at 5, exhaustion of administrative remedies sometimes must be complied with. *See Fredericks v. U.S.*, No. 14-296L, 2016 WL 736058, at *5 (Fed. Cl. Feb. 24, 2016) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), *superseded by statute on other grounds*, Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321–71 (1996) (codified as amended at 42 U.S.C. § 1997e, *et seq.*), *as recognized in Woodford v. Ngo*, 548 U.S. 81, 84–85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)) (exhaustion doctrine "is one which, along with abstention, finality, and ripeness, can 'govern the timing of federal-court decisionmaking.'").

Independently, the APA does not require that a claimant comply with exhaustion doctrine. Exhaustion is required under the APA only when necessitated by an applicable statute or agency regulation. *See Darby v. Cisneros*, 509 U.S. 137, 154, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993) ("[W]here the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review.") (emphasis in original); *Conservation Force v. Salazar*, 919 F. Supp. 2d 85, 89 (D.D.C. 2013). Here, 43 C.F.R. § 4.314 requires Plaintiffs to exhaust their administrative remedies.[6] As the parties agree, Plaintiffs have done so. Plaintiffs' administrative remedies were exhausted when the IBIA affirmed the ALJ's decision.

---

[5] What constitutes "final agency action" is not clearly defined in either statutory code or judicial opinion. Fed. Prac. & Proc., *supra*, at § 8295. When interpreting finality for purposes of judicial review, courts should inquire into whether the agency action "implies a definitive act of the agency, action which is binding until and unless it is set aside by a court. It assures that courts will review a closed, discrete, and focused action." *Id.*

[6] The provision reads, in whole,
>    (a) No decision of an administrative law judge, Indian probate judge, or BIA official that at the time of its rendition is subject to appeal to the Board, will be considered final so as to constitute agency action subject to judicial review under 5 U.S.C. 704, unless it has been made effective pending a decision on appeal by order of the Board.
>    (b) No further appeal will lie within the Department from a decision of the Board.
>    (c) The filing of a petition for reconsideration is not required to exhaust administrative remedies.

43 C.F.R. § 4.314.

As to 5 U.S.C. § 702's first prong, "agency action" is defined as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *Lujan*, 497 U.S. at 882 (quoting 5 U.S.C. § 551(13)). The agency in issue here is the IBIA. The ALJ's denial of rehearing and IBIA's affirmance of that denial constitute the necessary agency action. Thus, the first prong is satisfied. As to the second prong, a relevant statute within the meaning of which the plaintiff is harmed, Plaintiffs argue that the IBIA violated 25 U.S.C. § 2206(j)(8)[7] when it failed to consider the Renunciation. In sum, the Court agrees that Plaintiffs have satisfied the jurisdictional requirements of the APA and will, therefore, turn to the merits.

---

[7] The section reads,
    (j) General Rules governing probate
    (8) Renunciation or disclaimer of interests
        (A) In general
        Any person 18 years of age or older may renounce or disclaim an inheritance of a trust or restricted interest in land or in trust personalty through intestate succession or devise, either in full or subject to the reservation of a life estate (where the interest is an interest in land), in accordance with subparagraph (B), by filing a signed and acknowledged declaration with the probate decisionmaker prior to entry of a final probate order. No interest so renounced or disclaimed shall be considered to have vested in the renouncing or disclaiming heir or devisee, and the renunciation or disclaimer shall not be considered to be a transfer or gift of the renounced or disclaimed interest.
        (B) Eligible recipients of renounced or disclaimed interests; notice to recipients
            (i) Interests in land
            A trust or restricted interest in land may be renounced or disclaimed only in favor of—
                (I) an eligible heir;
                (II) any person who would have been eligible to be a devisee of the interest in question pursuant to subsection (b)(1)(A) of this section (but only in cases where the renouncing person is a devisee of the interest under a valid will); or
                (III) the Indian tribe with jurisdiction over the interest in question;and the interest so renounced shall pass to its recipient in trust or restricted status.
            (ii) Trust personalty
            An interest in trust personalty may be renounced or disclaimed in favor of any person who would be eligible to be a devisee of such an interest under subsection (b)(3) of this section and shall pass to the recipient in accordance with the provisions of that subsection.
            (iii) Unauthorized renunciations and disclaimers
            Unless renounced or disclaimed in favor of a person or Indian tribe eligible to receive the interest in accordance with the provisions of this subparagraph, a renounced or disclaimed interest shall pass as if the renunciation or disclaimer had not been made.
        (C) Acceptance of interest
        A renunciation or disclaimer of an interest filed in accordance with this paragraph shall be considered accepted when implemented in a final order by a decisionmaker, and shall thereafter be irrevocable. No renunciation or disclaimer of an interest shall be included in such order unless the recipient of the interest has been given notice of the renunciation or disclaimer and has not refused to accept the interest. All disclaimers and renunciations

Plaintiffs argue that the IBIA erred "by not considering and implementing [James's] Renunciation or Disclaimer of Interest in Certain Trust Lands Pursuant to U.S.C. § 2206(j)(8)." Plaintiff's Brief in Support, Doc. 18, at 13. The IBIA decided not to consider the Renunciation due to it being untimely filed by Plaintiffs. In opposition, Plaintiffs contend that a renunciation may be filed at any time before a probate order is final. According to Plaintiffs, because a motion for rehearing before the ALJ was filed, 43 C.F.R. § 30.237 ("The decision will become final at the end of this 30–day period, unless a timely petition for rehearing is filed with the judge."), and because de novo review by the IBIA was sought, 43 C.F.R. § 30.207 ("If no interested party requests de novo review within 30 days of the date of the written decision, it will be final for the Department."), no final probate order has been issued and, therefore, the Renunciation was not untimely.

The Renunciation was filed no earlier than May 22, 2012. *See* Doc. 1-4 at 2. The ALJ denied the motion for rehearing, however, on December 20, 2011. Thus, the Renunciation was never presented to the ALJ and, instead, was introduced in the first instance on appeal to the IBIA. Both 25 U.S.C. § 2206(j)(8) and 43 C.F.R. § 30.181 state that a renunciation of interest must be filed prior to the issuance of a final probate order. Specifically, 25 U.S.C. § 2206(j)(8) states that an interest may be renounced "by filing a signed and acknowledged declaration with the probate decisionmaker prior to entry of a final probate order." In addition, 43 C.F.R. § 30.181 states, in pertinent part, "To renounce an interest under § 30.180, you must file with the judge, before the issuance of the final order in the probate case, a signed and acknowledged declaration specifying the interest renounced." To reiterate, Plaintiffs maintain that by filing a motion for rehearing with the ALJ and, alternatively, seeking de novo review with the IBIA, no final probate order has been issued. As such, Plaintiffs continue, the IBIA should have considered the Renunciation. The Court disagrees.

Plaintiffs have cited no case law for their conclusory arguments. Under the Code of Federal Regulations, "Judge" is defined simply as, "an ALJ or IPJ." 43 C.F.R. § 30.101. Relying on that definition, the IBIA found, pursuant to 43 C.F.R. § 30.181, the Renunciation should have

---

      filed and implemented in probate orders made effective prior to October 27, 2004, are
      hereby ratified.
     (D) Rule of construction
     Nothing in this paragraph shall be construed to allow the renunciation of an interest that
     is subject to subsection (a)(2)(D) of this section in favor of more than 1 person.
25 U.S.C.A. § 2206(j)(8).

been submitted to the ALJ of the Probate Hearings Division from where the appeal was taken. Doc. 1-5 at 4. The Court agrees and finds that to allow Plaintiffs' argument to prevail would be tantamount to allowing an argument to be heard for the first time on appeal in an appellate court. *See Estate of Goldie Nora Iron Hawk, A.K.A. Goldie War Bonnet* (*Estate of Goldie*), 52 IBIA 14, 15 (I.B.I.A. 2010) ("The time to raise this issue was during the proceedings before the IPJ, not in a petition for reconsideration to the Board."); *Estate of Goldie*, 52 IBIA at 15 n. 3 ("As relevant to Appellant's appeal, 'decision or order' means (1) a written disposition by a judge in which determinations are made as to heirs, wills, devisees, and creditor claims, and ordering the distribution of property, and (2) a written disposition by an attorney decision maker in a summary probate proceeding. 43 C.F.R. § 30.101. The Board reviews such decisions in its capacity as an appellate body, but does not render such decisions in the first instance. *See id.* § 4.320."); *Crooks v. Minneapolis Area Director*, 14 IBIA 271, 272 (I.B.I.A. 1986) (the Board "will not consider an issue in a petition for reconsideration which has not been timely raised and considered below.").

Based on the briefs filed and the Court's own research, it is evident that 25 U.S.C. § 2206(j)(8) and the related provisions in the Code of Federal Regulations have not been thoroughly litigated. In any event, while factually distinguishable, *Fredericks v. U.S.*, No. 14-296L, 2016 WL 736058 (Fed. Cl. Feb. 24, 2016), offers instruction. In *Fredericks*, "Five Indian heirs to their deceased father's allotted lands [] filed [a] breach of trust case, contesting actions taken by the Department of the Interior's Bureau of Indian Affairs ('BIA')." *Fredericks*, 2016 WL 736058, at *1. The decedent died in 2006, and the BIA commenced probate proceedings, lasting until 2013. The plaintiffs alleged that, during probate proceedings, "the United States improperly granted and approved leases of their father's land in violation of trust duties[.]" *Id.* At the time the plaintiffs commenced the federal claims court action, the probate proceedings before the BIA had ended and plaintiffs had "filed three administrative appeals with the Department of the Interior since 2013," all of which were pending with the IBIA during the federal action. *Id.* at *3. Notwithstanding the pending IBIA proceedings, the *Fredericks* court referred to the BIA probate order as "final" for purposes of the federal action. *See e.g. id.* (the court consistently refers to "final probate order entered July 11, 2013" even though proceedings were then pending before the IBIA).

This Court finds similarly. Under both 25 U.S.C. § 2206(j)(8)(A) and 43 C.F.R. § 30.181, parties seeking to renounce an interest in property must do so by filing a renunciation of interest before a final order is issued by the ALJ in the probate proceedings. Here, James failed to do so. The Renunciation was not filed until the IBIA appeal had been commenced and the ALJ had issued both his probate order on August 18, 2011 and order denying rehearing on December 20, 2011. For purposes of the IBIA appeal and this federal action, those probate orders were final and neither the IBIA nor this Court is positioned to consider the untimely filed Renunciation.

Plaintiffs also cite to 43 C.F.R. § 4.314 as further regulatory authority for the proposition that no final probate order has been issued in this case. Plaintiffs' reliance is misplaced. Under 43 C.F.R. § 4.314,

> No decision of an administrative law judge, Indian probate judge, or BIA official that at the time of its rendition is subject to appeal to the Board, will be considered final *so as to constitute agency action subject to judicial review under 5 U.S.C. 704*, unless it has been made effective pending a decision on appeal by order of the Board.

43 C.F.R. § 4.314(a) (emphasis added). That regulation, therefore, dictates what is required for exhaustion purposes under the APA. If the Court accepted Plaintiffs' argument, the discussion, *supra*, about exhaustion as a prerequisite to this Court's subject matter jurisdiction would be contradicted and Plaintiffs would be barred from pursuing this federal action due to a failure to exhaust administrative remedies. The argument is, therefore, rejected. The Court finds that the IBIA properly excluded the Renunciation from consideration as it was untimely filed.[8]

Alternatively, Plaintiffs assert that, based on 5 U.S.C. § 706(2)(A)[9] of the APA, the decisions of the ALJ and IBIA that James was entitled to a one-half interest in the Trust Land

---

[8] Because both 25 U.S.C. § 2206(j)(8) and 43 C.F.R. § 30.181 preclude the untimely filing of the Renunciation, the Court will not address the parties' arguments pertaining to "issue exhaustion." See Defendants' Brief in Opposition, Doc. 19, at 8-10; Plaintiffs' Reply Brief, Doc. 20, at 1-3.

[9] Section 706 reads, in whole,
> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>    (B) contrary to constitutional right, power, privilege, or immunity;
>    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>    (D) without observance of procedure required by law;
>    (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

was arbitrary and capricious.[10] Plaintiffs cite little supporting case law, federal court or administrative, to support such a claim. Instead, Plaintiffs baldy assert that the ALJ's decision was contrary to the Decedent's testamentary intent. Similar to the claim discussed above relative to the Renunciation, this alternative claim is a request for judicial review of administrative action under the APA. *See Cermak v. Norton*, 322 F. Supp. 2d 1009, 1013-14 (D. Minn. 2004), *affirmed by Cermak v. U.S., ex rel. Dept. of Interior*, 478 F.3d 953 (8th Cir. 2007) ("[T]he only issue remaining is plaintiffs' assertion that the defendant agencies acted in an arbitrary and capricious manner. Read broadly, that claim calls for judicial review of agency action pursuant to the APA."). Under 5 U.S.C. § 706, the scope of this Court's power of judicial review is limited. "The [reviewing] court may 'decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.'" *Cermak*, 322 F. Supp. 2d at 1014 (quoting 5 U.S.C. § 706). In addition, the reviewing court may strike down agency actions, findings, and conclusions that are found to be, among other things, arbitrary and capricious. 5 U.S.C. § 706(2)(A). "Under that standard of review the court 'must defer to any reasonable interpretation given to [a] statute by the agency charged with its administration.'" *Cermak*, 322 F. Supp. 2d at 1014 (quoting *Ark. Poultry Fed'n v. U.S. Envtl. Protection Agency*, 852 F.2d 324, 325 (8th Cir. 1988)). An agency action is arbitrary and capricious when relevant matters are not taken into consideration and there exists a "'clear error of judgment.'" *Id.* (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 104-05, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). "The court's sole duty is to determine whether there is a rational connection between the facts and the agency's actions." *Id.* (citing *First Nat'l Bank v. Smith*, 508 F.2d 1371, 1376 (8th Cir. 1974)). A reviewing court must consider the actions taken by the agency and corresponding reasons for those actions. *Id.* An agency's decision may not be reversed merely because the reviewing court might have resolved the matter differently. *Id.* (citing *Volpe*, 401 U.S. at 416).

---

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706.

[10] For this alternative argument, the Court will assume that Plaintiffs are attempting to proceed under 5 U.S.C. § 704. The Court finds this to be proper. The IBIA has issued its final decision on Plaintiffs' claims and no further administrative proceeding is currently pending. As such, Plaintiffs are attacking the IBIA's final agency action. This action represents the "independent jurisdictional basis" under 5 U.S.C. § 704.

11

Federal law controls the interpretation of Indian wills. *Pahdopony v. U.S. Dept. of Interior*, No. 93-6021, 1994 WL 13890, at *3 (10th Cir. January 20, 1994) (unpublished opinion). "Federal courts have set forth some basic principles governing interpretation of wills. First and foremost is the principle that the intent of the testator governs the disposition of the testator's estate." *Id.* (citing *Estate of Bruning v. C.I.R.*, 888 F.2d 657, 659 (10th Cir. 1989)(per curiam)). Determining intent comes from examining the entire will, as of the time of its execution. *Id.* Plaintiffs argue, contrary to the ALJ's and IBIA's finding, that Decedent's will clearly demonstrates an intent to leave James with no interest in the trust land, except for the Home Place. With the exception of citing Article VI in the Will, Plaintiffs offer nothing but conclusory arguments in support of the intent they claim Decedent possessed.

Throughout Plaintiffs' opening brief, claims are made that "Decedent clearly wishes to avoid any uncertainty or risk related to the ultimate distribution of his trust lands," Plaintiffs' Brief in Support, Doc. 18, at 10; that it was not "[Decedent's] stated intentions for himself" that James take a one-half interest in the trust land, *Id.* at 12; and that "Mr. Sauser did not want his family involved with a newly created statute concerning trust lands, a statute that could just as easily be amended or repealed by the Congress as it was adopted by the Congress."[11] *Id.* For

---

[11] According to Plaintiffs, Decedent did not wish to involve himself and his estate in the functioning of 25 U.S.C. § 2206(b)(1)(A)(i) and 25 U.S.C § 2206(j)(2)(B) of the AIPRA. Plaintiffs' Brief in Support, Doc. 18, at 12. As to 25 U.S.C. § 2206(b)(1)(A)(i), it reads,
  (b) Testamentary disposition
      (1) General devise of an interest in trust or restricted land
      (A) In general
      Subject to any applicable Federal law relating to the devise or descent of trust or restricted land, or a tribal probate code approved by the Secretary in accordance with section 2205 of this title, the owner of a trust or restricted interest in land may devise such interest to—
            (i) any lineal descendant of the testator[.]
25 U.S.C. § 2206(b)(1)(A)(i). Additionally, 25 U.S.C § 2206(j)(2)(B) states,
  (j) General rules governing probate
    (2) Pretermitted spouses and children
      (B) Children
        (i) In general
        If a testator executed the will of the testator before the birth or adoption of 1 or more children of the testator, and the omission of the children from the will is a product of inadvertence rather than an intentional omission, the children shall share in the trust or restricted interests in land and trust personalty as if the decedent had died intestate.
        (ii) Adopted heirs
        Any person recognized as an heir by virtue of adoption under the Act of July 8, 1940 (25 U.S.C. 372a), shall be treated as the child of a decedent under this subsection.
        (iii) Adopted-out children

these various arguments, Plaintiffs cite, almost exclusively, to Article VI of Decedent's will: "That all property I have which is held in Indian Trust at my demise *be kept in such Indian Trust notwithstanding anything to the contrary herein*, except for those limited instances otherwise specifically stated elsewhere herein." *Id.* at 10 (quoting Last Will and Testament of Raymond P. Sauser, p. 4, Article VI) (emphasis in Plaintiffs' Brief). According to Plaintiffs, this single quote is enough to evince Decedent's intent that James receives no interest in the Trust Land except for the Home Place. Plaintiffs do cite to an additional quote, however: "[W]hen this [Will] refers to treating my children equally, such equality is to be determined after taking into account the unique tax consequences to my son [James], as a result of his not being an enrolled member of a federally recognized tribe." *Id.* at 10-11 (quoting Last Will and Testament of Raymond P. Sauser, p. 4, Article VI) (second alteration in Plaintiffs' Brief). If tax consequences had any effect, that effect would be to grant more rather than less property to James to offset any adverse tax consequences to James. Even if in fact there were no adverse tax consequences to James, the last quote above shows an intent of the testator to distribute equally to his two sons.

Contrary to Plaintiffs' contentions, these two quotes combined do not clearly demonstrate the intent Plaintiffs claim Decedent to have had. In fact, the second quote suggests that Decedent wished for determinations as to the division of his property between his two sons be undertaken during probate and not by any specific direction in Decedent's Will. In addition, the Court agrees with the IBIA's finding that "[Plaintiffs do] not show how the ALJ erred in giving effect to a provision of the will in which Decedent gave 'to [his] sons the right to occupy the real Indian Trust proper*ties* during their lifetimes (i.e., a life estate) . . . .'" IBIA Decision, Doc. 1-5, at 3 (quoting Last Will and Testament of Raymond P. Sauser, Article VI(C)) (second alteration and emphasis in IBIA Decision). Nothing that Plaintiffs have pointed to in the Will demonstrates a

---

(I) In general
For purposes of this chapter, an adopted person shall not be considered the child or issue of his natural parents, except in distributing the estate of a natural kin, other than the natural parent, who has maintained a family relationship with the adopted person. If a natural parent shall have married the adopting parent, the adopted person for purposes of inheritance by, from and through him shall also be considered the issue of such natural parent.
(II) Eligible heir pursuant to other Federal law or tribal law
Notwithstanding the provisions of subparagraph (B)(iii)(I), other Federal laws and laws of the Indian tribe with jurisdiction over the trust or restricted interest in land may otherwise define the inheritance rights of adopted-out children.

25 U.S.C § 2206(j)(2)(B).

clear error of judgment attributable to either the ALJ or IBIA. While the Will might be susceptible to competing plausible interpretations, this Court may not disturb the reasonable interpretation of the IBIA based solely on the unsubstantiated claims of Plaintiffs.

Plaintiffs' citation to *Estate of Ronald Richard Saubel* (*Saubel*), 9 IBIA 94 (I.B.I.A. 1981), for the proposition that the ALJ and IBIA contravened Decedent's testamentary intent is misapplied. In fact, it cuts against Plaintiffs' contention. In *Saubel*, Ronald Richard Saubel (Decedent) executed a will that left all of his property to only two of his four children. During probate, Judge Willett, the ALJ administering the probate proceedings, found the will to be "technically valid," but, because it pretermitted two of Decedent's children, "it did not establish a rational testamentary scheme." *Saubel*, 9 IBIA at 97. On appeal to the IBIA, it was noted that "the Secretary [of the Interior] or his representative could not revoke or rewrite an otherwise valid will that reflected a rational testamentary scheme simply because the disposition did not comport with the approving official's conception." *Id.* at 99. Based on that principle, the IBIA held that Judge Willett's conclusion that Decedent's will failed to establish a rational testamentary scheme was contrary to established law. *See id.* at 100 (noting that the ALJ is generally required to approve of wills pretermitting children). "On the contrary, the plan show[ed] careful consideration and could be considered reasonable in light of decedent's personal circumstances." *Id.* at 101.

It is clear to this Court, based on the IBIA opinion in *Saubel*, that Saubel's will unmistakably pretermitted two of his four children. To read that provision out of Saubel's will was to rework the will in its entirety. No such undertaking occurred here. No clear language exists in Decedent's will manifesting a clear intent to grant to James no interest in the Trust Land other than the Home Place. To the contrary, the language in Decedent's will is reasonably interpreted as granting to each of Decedent's sons a one-half interest in life estate in the Trust Land. The Court is not positioned to disturb this IBIA finding. For similar reasons, the Court finds unpersuasive Plaintiffs' citation to *In re Estate of Anthony Bitseedy*, 5 IBIA 270 (I.B.I.A. 1976). Thus, the Court rejects the argument that the IBIA acted arbitrarily and capriciously. Plaintiffs' motion for judgment on the pleadings is denied.

## CONCLUSION

Because James Raymond Sauser's Renunciation of interest in the Trust Land was untimely filed, the IBIA was correct to not consider it when rendering its decision. In order to be

valid, the Renunciation needed to be filed with the ALJ prior to the issuance of his final order. In addition, the ALJ and IBIA reasonably interpreted the Decedent's will and gave effect to its provisions. This Court finds that neither the ALJ nor the IBIA acted arbitrarily and capriciously as defined in the Administrative Procedure Act. Accordingly,

IT IS ORDERED that Plaintiffs Estate of Raymond P. Sauser and James Raymond Sauser's motion for judgment on the pleadings, Doc. 17, is denied.

Dated this 22nd day of March, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Unkn
DEPUTY